UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-CR-287-JAR-2 |
| v. ) | |
| ) | |
| JADEN ALLEN, ) | |
| ) | |
| Defendant. ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Jaden Allen, represented by defense counsel Luke Baumstark, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

**A. The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One of the Indictment, the United States agrees to move for the dismissal of Count Two of the Indictment at the time of sentencing. The Government further agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

Page **1** of **12**

**B. The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS:**

   **A. Count One:** As to Count One, Defendant admits the principal crime of carjacking in violation of Title 18, United States Code, Section 2119 was committed, and fully understands that the elements of the crime are:

   (i) Defendant Young, aided and abetted by Defendant Allen, took a motor vehicle from the person or presence of another;

   (ii) Defendant Young, aided and abetted by Defendant Allen, did so by means of force and violence or intimidation;

   (iii) The aforementioned motor vehicle had been transported in interstate commerce; and

   (iv) At or during the time Defendant Young took the aforementioned motor vehicle, Defendant Young intended to cause death or serious bodily injury.

As to Count One, Defendant further admits to violating of Title 18, United States Code, Section 2 with respect to the carjacking charged in Count One, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

Page **2** of **12**

(i) Defendant Allen knew a carjacking was being committed or going to be committed;

(ii) Defendant Allen had enough advance knowledge of the extent and character of the carjacking that he was able to make the relevant choice to walk away from the carjacking before all elements of the carjacking were complete;

(iii) Defendant Allen knowingly acted in some way for the purpose of aiding the commission of carjacking; and

(iv) Defendant Allen intended the carjacking to occur.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On June 7, 2020, Lorenzo Young and Jaden Allen approached victim D.S. in the 7300 block of Hazelcrest in St. Louis County, which is within the Eastern District of Missouri. Young and Allen approached D.S. with the shared intent of using force and violence or intimidation in taking a 2013 Chrysler 200 at gunpoint from the person or presence of D.S. Victim D.S. was standing outside of a 2013 Chrysler 200 talking on his cellular telephone at the time Young and Allen approached him. Young and Allen were both wearing masks, which covered their faces as they approached and interacted with D.S. Young was armed with a loaded Charter Arms .38 caliber firearm as he and Allen approached D.S. Allen knew Young possessed that loaded Charter Arms firearm at that time, and Allen knew Young to intended to use that loaded firearm to rob D.S. of the Chrysler, and Allen knew Young intended to cause death or serious bodily injury to D.S. to complete the carjacking, if necessary.

While D.S. was still speaking on his cellular telephone, both Young and Allen verbally

engaged D.S. with the shared intent of demanding the Chrysler key from D.S. at gunpoint and robbing D.S. of the Chrysler. As Young and Allen continued to verbally engage D.S., Young brandished the Charter Arms firearm and demanded that D.S. give Young the key to the Chrysler. D.S. complied with Young's demands. Allen observed Young brandish the firearm and demand car keys from D.S. After taking the keys from D.S., Young and Allen immediately entered the Chrysler and drove away from the 7300 block of Hazelcrest. Allen knowingly associated himself with the carjacking, participated in the carjacking, and took actions to ensure the carjacking was successful. The Chrysler had previously been transported in interstate commerce and is further identified by vehicle identification number 1C3CCBAB9DN642536.

Immediately after the robbery, D.S. called police to report that he had just been carjacked by two men. Hazelwood Police Department Officers responded to the 7300 block of Hazelcrest and spoke with D.S. just minutes after the carjacking occurred. As D.S. described the carjacking to Officers, D.S. observed the stolen Chrysler drive past the 7300 block of Hazelcrest. D.S. identified the passing Chrysler as the car that had just been stolen from him. Hazelwood Officers, along with Officers from nearby jurisdictions, pursued the Chrysler at high speeds for approximately 10 miles. Young was driving the Chrysler while fleeing police and Allen was in the front passenger seat. Young crashed the Chrysler near the intersection of New Halls Ferry and Riverview. Young and Allen were immediately taken into custody. The loaded Charter Arms .38 caliber firearm used during the carjacking was recovered from the passenger's side floorboard, where Allen was sitting.

Young and Allen aided and abetted each other in carjacking D.S. Young used the firearm in order to employ force, violence, and intimidation in taking the Chrysler from the person or presence of D.S. Allen knew Young intended to use the firearm to cause death or serious bodily injury to D.S. to complete the carjacking, if necessary.

The Charter Arms firearm used during the carjacking was submitted to and analyzed by an expert criminalist with the St. Louis County Crime Laboratory. The firearm was test fired and functioned as designed, and is therefore a "firearm" as defined under federal law.

5. **STATUTORY PENALTIES:**

The Defendant fully understands that the maximum possible penalties provided by law for the crime to which the Defendant is pleading guilty are: imprisonment of not more than 15 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 3 years.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A. **Chapter 2 Offense Conduct:**

(i) **Base Offense Level:** The parties agree that, in accordance with Section 2X2.1, the Base Offense Level is 20, as found in Section 2B3.1(a).

(ii) **Specific Offense Characteristics**: The parties agree that in accordance with Section 2X2.1, the following Specific Offense Characteristics apply:

Carjacking. The parties agree 2 levels should be added pursuant to Section 2B3.1(b)(5), because the offense involved a carjacking.

Brandishing a firearm. The parties agree 5 levels should be added pursuant to Section 2B3.1(b)(2)(C) because a firearm was brandished.

B. **Chapter 3 and 4 Adjustments**:

(i) **Mitigating Role:** The parties agree Defendant may seek an offense level adjustment under Section 3B1.2. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The Government does not agree such an adjustment applies in this case, and the parties reserve the right to argue whether Defendant has a Section 3B1.2 mitigating role in the carjacking charged in Count One of the Indictment.

(ii) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    C. **Estimated Total Offense Level:** Based on these recommendations, the parties estimate the Total Offense Level for Count One is 24 unless Defendant is found to have had a minor or minimal role under Section 3B1.2, or unless defendant is found to be a Career Offender. If Defendant is found to have had a minor or minimal role under Section 3B1.2, the parties estimate the Total Offense Level for Count One could be either 22 or 20. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

    D. **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

    E. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    A. **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(i) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**(ii) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

**B. Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C. Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**A. Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

E. **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

G. **Forfeiture:** The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The Defendant admits

that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the

sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

### 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported

by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

6/23/2021
Date

JAMES REDD
Assistant United States Attorney

6/23/21
Date

JADEN ALLEN
Defendant

6/23/21
Date

LUKE BAUMSTARK
Attorney for Defendant